UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOSEPH LAWRENCE** | **CIVIL ACTION NO. 16-0821** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ROCKTENN CP, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a premises liability diversity case in which Plaintiff Joseph Lawrence ("Lawrence") alleges he was injured when his truck struck a pothole on the property of Defendants WestRock CP, LLC and WestRock Services, Inc. ("WestRock"). Pending before the Court is WestRock's Motion for Summary Judgment. [Doc. No. 26].

For the following reasons, WestRock's Motion for Summary Judgment is GRANTED.

**I.   FACTS AND PROCEDURAL HISTORY**

WestRock is the owner and operator of a paper mill in Hodge, Louisiana. [Doc. No. 34, p. 5]. WestRock contracted with Plum Creek Timber for the purchase of timber products. Plum Creek, in turn, contracted with various trucking companies, such as Lawrence's employer, Triple T Logging, LLC, to transport the timber products from Plum Creek's land to the Hodge mill. *Id*; [Doc. Nos. 1-2; 1-3].

On May 14, 2015, Lawrence was delivering a load of timber to WestRock's Hodge mill when his truck struck a pothole in the road, causing him to bounce up and hit his head on the ceiling of the cab. [Doc. No. 26-3, p. 10]. Lawrence had previously made deliveries to the WestRock mill and was on his second delivery of the day when he struck the pothole. [Doc. No. 30, p. 23]. WestRock nurse Shontae Mims responded to the scene with Emergency Medical Technician Shane

Sullivan. [Doc. No. 26-9]. Emergency services were called and he was taken to the hospital. *Id.* At the time of the incident, Lawrence was wearing his hard hat, but not wearing his seat belt, and was in the process of putting his scale ticket in his visor. [Doc. No. 26-3, pp. 11; 20-21].

Lawrence was injured on the wood yard road, which provides the only means for drivers to deliver timber to the mill. [Doc. No. 30, p. 8]. WestRock's records show that thirty-five other drivers delivered timber to the Hodge mill on May 14, 2015, traveling the same road as Lawrence, before the incident. *Id.*; [Doc. No. 26-8, p. 3].

Lawrence filed this lawsuit against WestRock in Louisiana state court seeking damages. [Doc. No. 1]. Lawrence's employer's worker's compensation carrier, QBE Insurance Company ("QBE"), intervened and named WestRock Services, Inc., as a defendant, asserting rights to recover the amount paid to him pursuant to the Louisiana Workers' Compensation Act. [Doc. No. 1-3]. WestRock then removed the matter to this Court. [Doc. No. 1].

On April 7, 2017, WestRock filed the instant Motion for Summary Judgment [Doc. No. 26], arguing that Lawrence is unable to prove that an unreasonably dangerous condition existed and that WestRock had actual or constructive knowledge of the dangerous condition under Louisiana premises liability law. On April 19, 2017, Lawrence filed a memorandum in opposition [Doc. No. 34], and Intervener QBE filed an opposition adopting Lawrence's memorandum in opposition. [Doc. No. 35]. On May 3, 2017, WestRock replied. [Doc. No. 37]. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

2

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[1]

### B. Premises Liability

Lawrence asserts that WestRock was negligent in (1) failing to properly warn of the dangerous condition, (2) failing to block access to the dangerous condition, and (3) failing to repair

---

[1] Because the Court is sitting in diversity, the Court applies the substantive law of Louisiana, the forum state. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

3

the dangerous condition. [Doc. No. 1-2, p. 3]. WestRock's Motion for Summary Judgment asserts that the pothole was not a dangerous condition as a matter of law. [Doc. No. 26].

In Louisiana, the owner or custodian of immovable property has a duty to keep his property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Pryor v. Iberia Parish School Board*, 101683, p. 3 (La. 3/15/11); 60 So.3d 594, 596. The basis for such delictual liability is established in Louisiana Civil Code articles 2315, 2317 and 2317.1.[2] *Granda v. State Farm Mutual Ins. Co.*, 04–1722, p. 5 (La. App. 1st Cir. 2/10/06); 935 So.2d 703, 707–08, *writ denied*, 06–0589 (La. 5/5/06); 927 So.2d 326.

In order to recover, Lawrence must establish that (1) WestRock was the owner or custodian of the road; (2) the road contained a defect, *i.e.*, a condition that created an unreasonable risk of harm; (3) the unreasonably dangerous condition caused him injuries; (4) WestRock had actual or constructive notice of the condition; (5) his injuries could have been prevented by the exercise of reasonable care; and (6) WestRock breached its duty of reasonable care.[3] *See Granda* 935 So.2d at

---

[2] Louisiana Civil Code article 2317.1 provides, in relevant part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[3] Although Plaintiff attempts to differentiate his cause of action under a theory of general negligence under LA CIV. CODE art 2315 and strict liability under LA. CIV. CODE arts. 2317 and 2317.1, under either article, the plaintiff "must prove that the [thing] was within the defendant's

708; *see also Poindexter*, 244 Fed. Appx. at 564; *see also Teel v. State, Dept. of Transp. and Development*, No. 96–CA–0592 (La.10/15/96); 681 So.2d 340, 343.

1. **Unreasonably Dangerous Condition**

WestRock argues that Lawrence's claim fails as a matter of law because the alleged pothole did not present an unreasonably dangerous condition. [Doc. No. 26-1, p. 9]. The existence of a duty is decided as a matter of law by the court; the absence of an unreasonably dangerous condition necessarily implies the absence of a duty on the part of the defendant. *Leonard v. Ryan's Family Steak Houses, Inc.*, 2005-0775 (La. App. 1 Cir. 6/21/06); 939 So. 2d 401, 40 (citing *Oster v. Dep't of Transp. and Dev.*, 582 So.2d 1285, 1288 (La. 1991)).

Louisiana courts treat the unreasonable risk inquiry as a mixed question of law and fact. *See, e.g.*, *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So. 3d 175, 183; *Jeansonne v. South Cent. Bell Tel. Co.*, 08–568, p. 10 (La. App. 5 Cir. 1/13/09); 8 So.3d 613, 620; *Wiley v. Sanders,* 34,923, p. 7 (La. App. 2 Cir. 8/22/01); 796 So.2d 51, 56, *writ denied*, 01–2661 (La. 1/11/02); 807 So.2d 235. Unsurprisingly, because premises liability cases are naturally fact intensive and nuanced, whether a condition constitutes an unreasonably dangerous condition is generally a question of fact for the jury; however, in some circumstances, it is the court's obligation to decide

---

custody, that it contained a defect that presented an unreasonable risk of harm to others, and that the defendant knew or should have known of the defect." *See Poindexter v. U.S.*, No. 06–30529, 244 Fed. Appx. 561, 564 (5th Cir. 2007). The Louisiana Supreme Court has recognized that, with the adoption of LA. CIV.CODE art. 2317.1 to require knowledge or constructive knowledge, "the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim." *See Burmaster v. Plaquemines Parish Gov't*, 2007-2432 (La. 5/21/08), 982 So.2d 795, 814 n. 1. Before the repeal of strict liability, the Supreme Court of Louisiana wrote, "[t]he plaintiff asserting a claim against a premises owner based on negligence, or liability under LA. C.C. art. 2315, where the sole basis alleged for holding the owner liable is his relation to the property, has the same burden (as under Article 2317), plus the additional burden of proving defendant's scienter, *i.e.*, that defendant 'knew or should have known' of the defect." *Fontenot v. Fontenot*, 635 So.2d 219, 221 (La. 1994).

as a matter of law which risks are unreasonable. *See Allen v. Lockwood*, 156 So.3d 650, 653 (La. 2015) (per curiam).[4]

For a condition to create an unreasonable risk of harm, it must be reasonably foreseeable that the condition would cause injury to an individual exercising ordinary care under the circumstances. *Durmon,* 873 So.2d at 876. If the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Trice v. Isaac*, 99-839 (La. App. 5 Cir. 2/16/00); 759 So. 2d 843, 847, *writ denied*, 2000-1113 (La. 6/2/00); 763 So. 2d 600. *Id.* at 877. Additionally, to aid the court in making the determination of whether a condition is unreasonably dangerous, Louisiana has adopted the risk-utility test, wherein the court "must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair." *Broussard,* 113 So. at 184.

The Louisiana Supreme Court has synthesized the risk-utility balancing test to a consideration of four pertinent factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 859 (citing *Broussard*, 113 So.3d at 184). When the burden of the precautionary activity outweighs the probability and magnitude of the risk, the custodian owes no

---

[4] Lawrence asserts that summary judgment on this issue is inappropriate, because the Louisiana Supreme Court held in *Broussard* that "whether a risk is unreasonable, whether the utility is outweighed by other considerations, or whether a condition is open and obvious, are decisions for the jury . . . ." [Doc. No. 34, p. 22]. However, a year later the Louisiana Supreme Court clarified that "[w]e note that our opinion in *Broussard v. State ex rel. Office of State Buildings, supra*, should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Bufkin*, 171 So. 3d at 859 n. 3

6

duty to correct the alleged defect. *Dauzat v. Curnest Guillot Logging Inc.*, 995 So.2d 1184, 1186-87 (La. 2008).

The second prong of this risk-utility inquiry focuses on whether the allegedly dangerous or defective condition is obvious and apparent. Under Louisiana law, a defendant generally does not have a duty to protect against an obvious and apparent hazard. *Id.*; *Broussard*, 113 So.3d at 184. In order for an alleged hazard to be obvious and apparent, the hazard should be one that is "open and obvious to everyone who may potentially encounter it." *Bufkin*, 171 So. 3d at 856 (citing *Broussard*, 113 So.3d at 184). A landowner is not liable for an injury caused by "a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." *Dauzat*, 995 So. 2d at 1186. "The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Broussard*, 113 So.3d at 188.

In *Dauzat*, the Louisiana Supreme Court analyzed the reasonableness factors and found that an open and obvious defect did not present an unreasonable risk of harm, reversing the district court's denial of the landowner's motion for summary judgment. 995 So.2d at 1187-88. There, the plaintiff allegedly injured his back after the truck he was driving struck a hole in an unpaved logging road. *Id.* at 1185.

The first reasonableness factor favored a finding of no duty, as the unpaved logging road provided the only method for removing harvested timber from the defendant's land. *Id.* After considering the third factor, the court noted that logging roads were temporary and not paved; thus the cost of preventing the harm would have been unreasonably expensive. *Id.* Similarly, the Court

found that the fourth factor favored a finding of no duty, as the job of logging is a dangerous one by nature. *Id.* Ultimately, the court found that the dispute turned on the second factor, "the substantial likelihood and magnitude of injury from the hole, with consideration to whether the hole was apparent or obvious." *Id.*

In analyzing the second factor, the court emphasized that the plaintiff was aware of the condition of the logging road, having traveled over it several times on the day of the accident. *Id.* The court also noted that five other truck drivers, who were working on the day of the incident, never reported any problems with the road. *Id.* The court "conclud[ed] that the presence of the hole in the logging road was an obvious danger which did not create a significant likelihood of injury." *Id.*

Like the allegedly dangerous condition in *Dauzat*, the alleged defect here was not, as a matter of law, unreasonably dangerous. The utility of the road Lawrence was injured on has not been contested and satisfies the first factor. The road provided the only means for the log truck drivers to make deliveries to the paper mill. [Doc. No. 30, p. 8]. Likewise, for purposes of the fourth factor, the Court in *Dauzat* found "that the job of a logging truck driver is dangerous by nature, as such drivers frequently encounter poor road conditions." *Id.* at 1187; *see also* [Doc. Nos. 26-6, p. 5; 26-7, p. 6].

As to the third factor, the cost of preventing the harm, maintaining the road free of potholes would not be feasible. Based on the evidence in the record, there is no indication that the cost would be low. WestRock already employed a person whose job duties were to inspect and maintain the roads. [Doc. No. 30, p. 18-20]. Beyond the cost of the initial fixing the pothole, maintaining such surfaces free from defects is likely impossible, given the number of heavy trucks traveling over the road each day, and is certainly cost-prohibitive. Nevertheless, even assuming a low cost of

prevention, an analysis of the second factor overwhelmingly tips the balance in favor of WestRock.

Similar to the analysis in *Dauzat*, "the dispute in this case revolves around the second factor, namely, the substantial likelihood and magnitude of harm from the hole, with consideration to whether the hole was apparent or obvious." 995 So. 2d at 1187. Just as the court emphasized in *Dauzat*, Lawrence testified that he did not see the hole before his truck hit it, but noted that potholes can develop very quickly on the road and that he has to look out for imperfections in the road at 90% of the mills he delivers to. [Doc. No. 26-3, p. 17-18].

Thirty-five other drivers had safely navigated the road on May 14, 2015, before the incident, and Lawrence had also safely navigated the road only three hours before the incident. [Doc. Nos. 30, p. 23; 26-8, p. 177]; *see Dauzat*, 995 So. 2d at 1187 (noting that none of the truck drivers who were working on the day of the accident reported any problems with the road). Lawrence was an experienced truck driver, had traveled on the road on many different occasions, and was aware that the high volume of trucks traveling through the road could cause potholes to develop quickly. [Doc. No. 26-3, pp. 6, 12]. At the time of the incident, Lawrence was in the process of putting his scale card in his sun visor. *Id.* at 20-21. Admittedly, Lawrence testified that the alleged pothole he hit did not appear to be particularly bad and could have been avoided. *Id.* at 11-14. *See Dauzat*, 995 So. 2d at 1185 (noting that plaintiff admitted he could have avoided the hole if he had seen it).

Under these circumstances, the presence of a pothole in the road was an obvious danger and did not present a significant likelihood of injury. Even assuming that Lawrence can establish the other elements of his case, he cannot overcome summary judgment because he has failed, under Louisiana law, to generate factual issues that the pothole created an unreasonable risk of harm.

9

## 2. Actual or Constructive Notice

WestRock also argues that, even if the pothole created an unreasonable risk of harm, Lawrence is also unable to prove actual or constructive notice of the alleged defect. [Doc. No. 26, p. 20]. Lawrence contends that WestRock's assignment of an employee, Orlando Williams, to inspect and maintain the roadways demonstrates WestRock's constructive knowledge of the defect in the road. [Doc. Nos. 34, p. 9; 30, p. 18].

"[T]he question of whether a custodian or owner of a thing has constructive knowledge of a defect in that thing is inextricably linked with the exercise of reasonable care." *Dawson v. Rocktenn Servs., Inc.*, 16-30112, 2016 WL 7468034, at *3 (5th Cir. Dec. 27, 2016) (citing *Walters v. City of West Monroe*, 162 So.3d 419, 424 (La. Ct. App. 2015)). The exercise of reasonable care consists of two requirements: (1) the owner or custodian must take reasonable steps to discover defects in the thing that creates an unreasonable risk of harm and (2) the owner or custodian must take reasonable steps to protect against injurious consequences resulting from defects in the thing that create an unreasonable risk of harm. *Id.* "When an owner or custodian of a thing fails to exercise reasonable care to discover a defect in that thing, Louisiana law imputes the owner or custodian with knowledge of the defect if the defect is of such a character or has existed for such a period of time that a reasonable custodian or owner would have discovered it." *Id.* at 4.

WestRock submits that on May 14, 2015, it employed Orlando Williams to maintain the roads at the mill. [Doc. No. 26-1, p. 21]. Williams would inspect the roads and upon any discovery of potholes would fill them in with rocks and a front-end loader. *Id.*; [Doc. No. 30, p. 18-20]. Lawrence and other drivers testified that potholes could develop on the road quickly. [Doc. Nos. 26-3, p. 18; 26-5, p. 5; 26-6, p. 6].

Here, Lawrence relies solely on WestRock's dedication of an employee to road inspection and maintenance to show knowledge. [Doc. No. 34, p. 9]. Lawrence also argues that the road repair was made within minutes of his injury, which demonstrates that WestRock had the opportunity and means to prevent the injury before it occurred. *Id.* This argument ignores that, in order to immediately repair every pothole, WestRock would have had to expend significant resources to have someone monitor every part of the road at every moment of the day. Lawrence has failed to put forward any evidence that the condition existed for a period of time sufficient to place the defendant on notice. *See Finley v. RaceTrac Petroleum, Inc*. 137 So. 3d 193 (La. App. 2 Cir. 2014); *Shields v. Dolgencorp, LLC*, CV 16-1826, 2016 WL 6892889, at *3 (E.D. La. Nov. 23, 2016). The Court finds that Lawrence has failed to provide any evidence that WestRock failed to exercise reasonable care in its inspection and maintenance of the roads, and therefore, has not satisfied his burden of proving constructive knowledge.

### C.    Intervenor Plaintiff

Finally, the Court gives notice of its intent to *sua sponte* grant WestRock summary judgment against Intervenor Plaintiff QBE. QBE intervened in this case to be indemnified or reimbursed out of "any sums recovered" to or on behalf of Lawrence. [Doc. No. 1-3].

Thus, QBE's claims in this case were contingent upon Lawrence's ability to recover. *See id*. Since the Court determined that WestRock is not liable to Lawrence, QBE has no right of recovery. If QBE opposes the Court's intended disposition of its requests for relief, it shall file a memorandum in opposition within fourteen (14) calendar days of the date of this Ruling and Judgment. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007).

### III.    CONCLUSION

For the reasons stated above, WestRock's Motion for Summary Judgment is GRANTED, and Lawrence's claims are DISMISSED WITH PREJUDICE. The Court also gives notice of its intent to *sua sponte* grant WestRock summary judgment against Intervenor Plaintiff QBE.

MONROE, LOUISIANA, this 22nd day of May, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE