UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOSEPH LAWRENCE** | **CIVIL ACTION NO. 16-0821** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ROCKTENN CP, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

<u>RULING</u>

Before the Court is Plaintiff Joseph Lawrence's ("Lawrence") "Motion For New Trial, or in the Alternative, for Reconsideration pursuant to Federal Rule of Civil Procedure 59 and 60" [Doc. No. 49] and Intervener Plaintiff QBE Insurance Co.'s ("QBE") "Motion for Trial, or in the Alternative, for Reconsideration." [Doc. No. 51]. Both parties request that the Court reconsider its May 22, 2017 Ruling and Judgment dismissing Lawrence's claims with prejudice. [Doc. Nos. 43 & 44]. For the following reasons, the motions for reconsideration are **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Defendants WestRock CP, LLC and WestRock Services, Inc. (collectively "WestRock") are the owners and operators of a paper mill in Hodge, Louisiana. [Doc. No. 34, p. 5]. WestRock contracted with Plum Creek Timber for the purchase of timber products. Plum Creek, in turn, contracted with various trucking companies, such as Lawrence's employer, Triple T Logging, LLC, to transport the timber products from Plum Creek's land to the Hodge mill. *Id*; [Doc. Nos. 1-2; 1-3].

On May 14, 2015, Lawrence was delivering a load of timber to WestRock's Hodge mill when his truck struck a pothole in the road, causing him to bounce up and hit his head on the ceiling of the cab. [Doc. No. 26-3, p. 10]. Lawrence had previously made deliveries to the WestRock mill and was on his second delivery of the day when he struck the pothole. [Doc. No. 30, p. 23]. WestRock nurse Shontae Mims responded to the scene with Emergency Medical Technician Shane

Sullivan. [Doc. No. 26-9]. Emergency services were called and he was taken to the hospital. *Id.* At the time of the incident, Lawrence was wearing his hard hat, but not wearing his seat belt, and was in the process of putting his scale ticket in his visor. [Doc. No. 26-3, pp. 11; 20-21].

Lawrence was injured on the wood yard road, which provides the only means for drivers to deliver timber to the mill. [Doc. No. 30, p. 8]. WestRock's records show that thirty-five other drivers delivered timber to the Hodge mill on May 14, 2015, traveling the same road as Lawrence, before the incident. *Id.*; [Doc. No. 26-8, p. 3].

Lawrence filed this lawsuit against WestRock in Louisiana state court seeking damages. [Doc. No. 1]. Lawrence's employer's worker's compensation carrier, QBE, intervened asserting rights to recover the amount paid to Lawrence pursuant to the Louisiana Workers' Compensation Act. [Doc. No. 1-3]. WestRock then removed the matter to this Court. [Doc. No. 1].

On April 7, 2017, WestRock filed a Motion for Summary Judgment [Doc. No. 26], arguing that Lawrence is unable to prove that an unreasonably dangerous condition existed and that WestRock had actual or constructive knowledge of the dangerous condition under Louisiana premises liability law. On May 22, 2017, the Court issued a Ruling and Judgment granted the Motion for Summary Judgment and dismissed Lawrence's claims. [Doc. Nos. 43 & 44].

On June 14, 2017, Lawrence filed the instant Motion for New Trial, or in the Alternative, for Reconsideration. [Doc. No. 49]. On June 15, 2017, QBE filed a Motion for New Trial, or in the Alternative, for Reconsideration incorporating by reference Lawrence's motion. [Doc. No. 51]. On July 5, 2017, WestRock filed an opposition [Doc. No. 53], and on July 18, 2017, Lawrence filed a reply. [Doc. No. 54].

**II.    LAW AND ANALYSIS**

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Depending on when it is filed, a motion seeking relief from a final judgment may be construed under either Rule 59(e) as a motion to alter or amend a judgment, or under Rule 60(b) as a motion for relief from a final judgment. *Id.*; *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n. 19 (5th Cir. 1998). Because Lawrence's motion was filed within 28 days of the final judgment, the Court construes it as a motion to amend the judgment under Rule 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177 (5th Cir. 2012) (where the court considered plaintiff's Rule 60(b) motion as a motion to amend judgment under Rule 59(e) because it was filed within the applicable 28-day time frame).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal

theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79; *see LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005). In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Lawrence contends the Court committed manifest errors and that reconsideration is needed to prevent manifest injustice. [Doc. No. 49-1, p. 5].

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

Here, Lawrence has failed to meet his burden under Rule 59(e). First, Lawrence contends that summary judgment was inappropriate at this stage because the relevant issues are fact intensive. [Doc. No. 49-1, p. 5]. As the Court explained in its Ruling on Defendants' Motion for Summary Judgment [Doc. No. 43, p. 6], summary judgment is appropriate when the Court determines that a condition does not present an unreasonable risk of harm as a matter of law. *See Allen v. Lockwood*, 2014-1724 (La. 2/13/15), 156 So.3d 650, 652 ("Any reading of *Broussard* interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm is a misinterpretation of the *Broussard* case."). Because "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments," this alone is a sufficient basis for refusing Lawrence's requested relief. *LeClerc*, 419 F.3d at 412 n.13.

4

Next, Lawrence argues that the Court improperly required him to prove certain elements at the summary judgment stage, even though he bears the burden of proof at trial. It is well established that, to withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986)); *accord U.S. ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 371 (5th Cir. 2011). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *accord U.S. ex rel. Patton*, 418 F. App'x at 371. "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998); *accord Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005). Lawrence failed to produce any evidence to rebut evidence on essential elements of his claim. Therefore, Lawrence's requested relief on this basis is denied.

Additionally, Lawrence argues that the Court misapplied the utility balancing test, because "[t]he Court essentially equated an 'open and obvious' defense to proof that the condition was not 'unreasonably dangerous', when in fact the two are mutually exclusive." *Id.* at 7. Whether a condition poses an unreasonable risk of harm is a matter of risk-utility analysis, with consideration of (1) the utility of the complained-of condition, (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition, (3) the cost of preventing the harm, and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature. *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So.3d 175, 184.

The Louisiana Supreme Court emphasized that "the obviousness and apparentness of a

potentially dangerous condition are relevant factors to be considered under the duty-risk analysis. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff." *Pitre v. Louisiana Tech. Univ.*, 95–1466 (La.5/10/96), 673 So.2d 585, 591; *see also Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14, 12), 171 So.3d 851, 860 ("If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff."). The Court appropriately used the open and apparent nature of the condition of the road as a relevant factor in determining that the condition was not unreasonably dangerous. *See* [Doc. No. 43, p. 7-8].

Much of Lawrence's memorandum merely rehashes arguments and evidence that he previously submitted in opposition to Defendants' Motion for Summary Judgment. None of these arguments, which were considered fully the first time that he presented them, provides a basis to alter or amend the Judgment. Even if Lawrence's arguments in the instant motion were persuasive, as the Court previously determined, he has failed to raise a genuine issue of material fact for trial that WestRock had "actual or constructive notice of the condition," which is also an essential element of his claim. *See Dauzat v. Curnest Guillot Logging Inc.*, 2008-0528 (La. 12/2/08, 5), 995 So.2d 1184, 1187.

### III. CONCLUSION

The Court has reviewed the motions for reconsideration and finds that they do not demonstrate a manifest error of law or fact, nor do they present newly discovered evidence. To the contrary, they present arguments that were available to Lawrence when he responded to defendant's motion for summary judgment. Lawrence's and QBE's motions for reconsideration are **DENIED**.

MONROE, LOUISIANA, this 25th day of July, 2017.

*/s/ Robert G. James*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE